# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| AYMAN AMARA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-1055 SEP |
| | ) | |
| DEPT. OF NAVY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is pro se Plaintiff Ayman Amara's Motion for Leave to Proceed *in forma pauperis*. *See* Doc. [2]. For the reasons set forth below, the Court orders Plaintiff to supplement his application with information regarding his wife's income and financial assets.

On October 3, 2022, Plaintiff filed this employment discrimination action against the Department of Navy, NAWAD, and Secretary Carlos Del Toro. Plaintiff filed a second employment discrimination action against Boeing, Boeing Defense Space and Security, and David Calhoun. *See Amara v. Boeing*, No. 4:22-cv-1054-RLW (E.D. Mo.).[1] Plaintiff identifies all six defendants as his former employers and alleges violations of both Title VII of the Civil Rights Act of 1964 (Title VII) and the Americans with Disabilities Act of 1990 (ADA).

Both actions arise out of the same Charge of Discrimination filed with the Missouri Commission on Human Rights and the same Right-to-Sue letter from the Equal Employment Opportunity Commission. In both cases, Plaintiff filed identical motions for leave to proceed *in forma pauperis*. The applications assert that he receives no income other than Social Security retirement income and Social Security income for his beneficiary children. He also declares that he has $500 in a checking or savings account and stock worth $2,000, and that he owes $7,000 in medical bills.

---

[1] *See United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981) (citations omitted) (district court can "take judicial notice, whether requested or not . . . of its own records and files, and facts which are part of its public records[.]").

In *Amara v. Boeing*, No. 4:22-cv-1054-RLW (E.D. Mo. Nov. 1, 2022), the court[2] issued an order directing Plaintiff to supplement his application in support of his motion for leave to proceed *in forma pauperis*. The court noted that Plaintiff had indicated in an attachment to his complaint that his wife was gainfully employed as a physician but offered no information about her finances. *See id.* at 2. Judge White wrote, in relevant part:

> [T]he Court is not convinced that plaintiff is unable to pay his litigation costs. Specifically, although he has indicated that his wife is employed, he offers no information regarding her financial resources. The income and assets of an applicant's close family members are relevant to the determination of the applicant's indigence. *See Lee v. Walmart Stores, Inc.*, No. 3:92-CV-465 AS, 1993 WL 316756 at *3-4 (N.D. Ind. Aug. 18, 1993) (collecting cases); *Sellers v. United States*, 881 F.2d 1061, 1063 (11th Cir. 1989) (per curiam) (finding that funds "derived from family sources" are relevant to a determination as to whether a plaintiff may proceed in forma pauperis); *Fridman v. City of New York*, 195 F.Supp.2d 534, 537 (S.D.N.Y. 2002) (explaining that in assessing a motion for leave to proceed in forma pauperis, "a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling, or other next friend"); *Williams v. Spencer*, 455 F. Supp. 205, 209 (D. Md. 1978) ("The question under 28 U.S.C. [§] 1915 is whether the litigant is unable to pay the costs, and the answer has consistently depended in part on [the] litigant's actual ability to get funds from a spouse[.]").
>
> The Court will therefore direct plaintiff to file a written supplement to his application for leave to proceed in forma pauperis by December 1, 2022. Plaintiff shall specify (1) his wife's monthly or yearly income, and (2) the amount of money he and his wife have in cash, checking, and/or savings.

*Id.* at 2-3.

*In forma pauperis* status "is a matter of privilege, not of right." *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). To enjoy the statute's benefits, a plaintiff must demonstrate that, because of his poverty, he cannot pay the litigation costs and still be able to provide for "the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The determination of whether to grant *in forma pauperis* status under 28 U.S.C. § 1915 is within the sound discretion of the Court. *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000). For the reasons provided in *Amara v. Boeing*, No. 4:22-cv-1054-RLW (E.D. Mo. Nov. 1, 2022), the Court directs Plaintiff to supplement his application for leave to proceed *in forma pauperis* in this matter according to the directions of the court in that matter.

---

[2] The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis*, Doc. [2], and his motion for appointment of counsel, Doc. [3], are held in **ABEYANCE**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a written supplement to his application for leave to proceed *in forma pauperis* by **December 1, 2022**. The supplement shall include: (1) his wife's monthly or yearly income, and (2) the amount of money he and his wife have in cash, checking, and/or savings.

**IT IS FINALLY ORDERED** that failure to comply with this Order will result in the denial of Plaintiff's Motion for Leave to Proceed *in forma pauperis*, Doc. [2].

Dated this 2nd day of November, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT COURT