**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

AYMAN AMARA,                          )
                                      )
              Plaintiff,              )
                                      )
       v.                             )          No. 4:22-cv-1055 SEP
                                      )
DEPT. OF NAVY, et al.,                )
                                      )
              Defendants.             )

**MEMORANDUM AND ORDER**

Before the Court is pro se Plaintiff Ayman Amara's Motion for Leave to Commence this Civil Action without Prepayment of the Required Filing Fee, Doc. [2], and Motion for Appointment of Counsel, Doc. [3].  For the reasons set forth below, Plaintiff's Motion for Leave to Proceed *in forma pauperis* is denied as moot, and his Motion for Appointment of Counsel is denied at this time.  Plaintiff is advised that he is responsible for serving Defendants because he is not proceeding *in forma pauperis*.

**DISCUSSION**

**I.      Motion for Leave to Proceed *in forma pauperis***

Plaintiff filed his Complaint on October 3, 2022, along with his Motion for Leave to Commence this Civil Action without Prepayment of the Required Filing Fee.  Doc. [2].  On November 2, 2022, the Court directed Plaintiff to submit additional financial information in support of the motion.  Doc. [5].  In response, Plaintiff paid the full filing fee.  Therefore, the Court denies Plaintiff's Motion for Leave to Commence this Civil Action without Prepayment of the Required Filing Fee as moot.

**II.     Motion for Appointment of Counsel**

In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel.  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013).  Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."  *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  When determining whether to appoint counsel for an indigent litigant, a court

considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing such factors, the Court concludes that appointment of counsel is not warranted at this time. Doc. [3]. Plaintiff has demonstrated that he can adequately present his claims to the Court. And at this stage, neither the factual nor the legal issues in this employment discrimination case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

## III.    Service

Because Plaintiff is not proceeding *in forma pauperis* but has paid the filing fee, he is responsible for serving Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure. Listed below are two options for effecting service of process.

**1.  Plaintiff may serve Defendants with summonses.**

Under Option 1, Plaintiff must submit to the Clerk of Court for each of the Defendants: i) a file-stamped copy of his complaint; ii) a completed summons form (AO Form 440); and iii) a completed "Notice of Intent to Use Private Process Server" form. *See* Fed. R. Civ. P. 4(b); E.D. Mo. L.R. 2.02(B). The "Notice of Intent to Use Private Process Server" form must include the name and address of the process server who will be effectuating service upon Defendants. "Any person who is at least 18 years old and not a party may serve a summons and complaint." *See* Fed. R. Civ. P. 4(c)(2). Plaintiff must complete those forms and return them to the Clerk's Office. Once Plaintiff submits those forms, the Clerk's Office will sign and seal his summonses and return them to him. The summonses must then be served upon Defendants by an appropriate server, and return of service must be filed with the Court.

**2.  Plaintiff may serve Defendants with the "Waiver of Service" form under Federal Rule of Civil Procedure 4(d).**

Under Option 2, Plaintiff must fill out a "Waiver of Service" form and send it, along with a copy of the Complaint and a self-addressed and stamped envelope, to each Defendant.[1] The Court will order the Clerk of Court to forward that form along with the copy of this Order to

---

[1] If Plaintiff chooses to serve Defendants by waiver, he should file a notice informing the Court of his intention. Additionally, after a Defendant signs one copy of the waiver and returns it to Plaintiff, Plaintiff should file his copy of the signed waiver with the Court.

Plaintiff.  If Defendants choose not to waive service, Plaintiff must serve each Defendant by summons.

Plaintiff shall have **ninety (90) days** from the date of this Order in which to serve each Defendant.  *See* Fed. R. Civ. P. 4(m).  Failure to serve a Defendant will result in the dismissal of that Defendant without prejudice, unless Plaintiff demonstrates good cause for the failure.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis*, Doc. [2], is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [3], is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to Plaintiff:  (i) a file-stamped copy of the Complaint; (ii) three (3) summons forms; (iii) a "Notice of Intent to Use Private Process Server" form; and (iv) three (3) "Waiver of Service" forms.

**IT IS FINALLY ORDERED** that Plaintiff shall serve Defendants no later than **ninety (90) days** from the date of this Order.  Absent a showing of good cause, failure to timely serve said Defendants shall result in the dismissal of Plaintiff's claims as against those Defendants without prejudice.

Dated this 5th day of December, 2022.


_____
SARAH E. PITLYK
UNITED STATES DISTRICT COURT