UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AYMAN AMARA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-1055 SEP |
| | ) | |
| DEPT. OF NAVY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

Before the Court is pro se Plaintiff Ayman Amara's Motion to Secure the First Computer Selection of the Judge Henry E. Autrey. Doc. [8]. For the reasons set forth below, the Motion is denied.

On October 3, 2022, Plaintiff filed this employment discrimination action against the Department of Navy, NAWCAD, and Secretary Carlos Del Toro. Upon filing, the case was randomly assigned to United States District Judge Henry E. Autrey pursuant to the Local Rules of the Eastern District of Missouri. *See* E.D. Mo. L.R. 2.08(A) ("Unless otherwise ordered by the Court, the Clerk will assign each civil action to a district judge or a magistrate judge by automated random selection[.]"). This action was then randomly reassigned to the undersigned because the original assignment was due to a clerical error. *See* Doc. [4].

In his Motion, Plaintiff states he would "strongly prefer computer selection to human decision to correct the computer selection." Doc. [8]. Plaintiff explains, "Although I do not know either judges stand [sic] from suing our most pride department DON/DOD for the Shame acts, I would accept the computer error over the human error." *Id.*

A judge's recusal is required if the judge bears a bias or prejudice that might call into question her impartiality. *Akins v. Knight*, 863 F.3d 1084, 1086 (8th Cir. 2017); *see also* 28 U.S.C. § 455. In other words, the disqualification of a judge "is required if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." *United States v. Martin*, 757 F.3d 776, 778 (8th Cir. 2014). But a judge is presumed to be impartial, meaning that the party that seeks recusal bears a substantial burden of proving otherwise. *Scenic Holding, LLC v. New Bd. of Trustees of Tabernacle*

*Missionary Baptist Church, Inc.*, 506 F.3d 656, 662 (8th Cir. 2007).  Moreover, "an unfavorable judicial ruling does not raise an inference of bias or require the trial judge's recusal." *Moran v. Clarke*, 296 F.3d 638, 649 (8th Cir. 2002); *see also United States v. Melton*, 738 F.3d 903, 906 (8th Cir. 2013) ("Judicial rulings rarely establish a valid basis for recusal.") (citing *Liteky v. United States*, 510 U.S. 540, 541 (1994)).

Here, Plaintiff does not seek recusal of the undersigned due to any bias or prejudice. Rather, he appears to simply prefer the assignment of this case to Judge Autrey, notwithstanding the fact that it was erroneous.  Finding no reason for the undersigned's recusal in this matter, Plaintiff's request is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Secure the First Computer Selection of the Judge Henry E. Autrey, Doc. [8], is **DENIED**.

Dated this 5th day of December, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT COURT